**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                            **CASE NO.: 2:25-cr-20341-MSN**

**ORRECO LYONS,**

    **Defendant.**

---

**DEFENDANT ORRECO LYONS' MOTION TO SUPRESS AND**
**MEMORANDUM IN SUPPORT OF MOTION TO SUPRESS**

---

**COMES NOW** the Defendant, Orreco Lyons, by and through Counsel and respectfully moves this Honorable Court and pursuant to the Fourth Amendment of the Constitution of the United States and Federal Rules of Criminal Procedure 12(b)(3)(C) to suppress the illegal search and seizure of the Defendant.

The Defendant contends that the evidence was obtained through a warrantless, illegally coordinated entry into the protected curtilage of his home and an unconstitutional seizure of the Defendant by an officer of the Shelby County Sheriff's Department while in his car in his driveway, without probable cause, and in proof thereof, preliminarily would show as follows:

I.

FACTS

The Defendant asserts the following facts obtained from discovery, video and otherwise, produced in the instant case:

1. On December 2, 2024, at or about 11:05 P.M., the Shelby County Sherriff's office was responding to a loud music complaint at or near 7941 Meadow Vale Drive, in Shelby County, Tennessee.  This is the Defendant's home. The Defendant resides and has resided with his mother at a house located at 7941 Meadow Vale Drive, in Shelby County, Tennessee.

2. On the late evening of December 2, 2024, the Defendant was sitting in his vehicle, a Lexus, located on his- the driveway of 7941 Meadow Vale Drive, in Shelby County, Tennessee. Mr. Lyons was sitting in the driver's seat, with his driver's side window rolled down.

3. At approximately 11:05 P.M an Officer with the Shelby County Sherriff's Department, Deputy Johnson, arrived near the location of 7941 Meadow Vale Drive in his service vehicle.  He stopped his service vehicle approximately one or two houses away from 7941 Meadow Vale Drive.  He parked along the curb.

4. Deputy Johnson exited his vehicle and began to walk towards the driveway at 7941 Meadow Vale Drive, in Shelby County. Tennessee. Another Shelby County Deputy also arrived on the scene and followed Deputy Johnson with a flashlight, shining the flashlight up the driveway.

5. When Shelby County Sheriff's Deputy Bryson Johnson walked up to the Defendant's driveway at 7941 Meadow Vale Drive,  his  "body cam" had been activated.

6. The video evidence shows he then began to walk up the driveway towards the vehicle in which Mr. Lyons was sitting, parked in the driveway.

7.  Deputy Johnson then approached Lyons, still sitting in his vehicle, from the driver's side of the Lexus. As Deputy Johnson approached the driver's side window, he observed Mr. Lyons singing to himself, facing forward in his vehicle.

8.  The video evidence shows Mr. Lyons in the driver's seat of the Lexus "grooving"- engaging in rhythmic, non-threatening swaying consistent with the music on the radio in his car.

9.  As Deputy Johnson looked into the window, at some point, he believed he observed the flash of the top of the barrel of a pistol in Lyons' hand as he was swaying to the music.

10.  At no point, did the Defendant offer any threatening movement with his hands such as displaying or pointing at a weapon in any direction.

11.  As Deputy Johnson backed away from the vehicle, gun drawn, pointing it at the car, he radioed dispatch, "one at gunpoint".

12.  Deputy Johnson then announced repeatedly for the Defendant, still sitting in his vehicle, to "drop the gun" and get out of his vehicle.

13.  Ultimately, the Defendant stuck both hands out of the window of his vehicle to show Deputy Johnson he did not have a pistol in his hands.  Mr. Lyons stepped out of his vehicle and ultimately complied.

14.  As Mr. Lyons exited his vehicle, Deputy Johnson told Defendant to face away from him with his hands in the air.

15.  The Defendant then walked a few feet towards the front door of his house, with both arms raised, positioned immediately in front of his car.

16. As Defendant stood with his arms raised, Deputy Johnson and another officer walked up to the Defendant, pushed him to the ground, and handcuffed him.

17. After the Defendant was handcuffed, Defendant was then escorted to one of the Sheriff's Department vehicles parked in the street.

18. Prior to placing the Defendant in the back of the Sherriff's Department vehicle he was searched and a weapon was discovered in his pocket on his person.

19. After Defendant's arrest, the deputies searched Defendant's Lexus and found a small amount of drugs and a handgun.

20. Only after this high-risk seizure did the officer learn of the Defendant's prior felony conviction.

21. After Defendant's arrest he was transported to jail at 201 Poplar, Memphis, Shelby County, Tennessee.

## II.

## STATEMENT OF THE ISSUES

1. Whether the Deputy's entry into Defendant's driveway, a protected curtilage, with his service weapon, constituted an arrest and an illegal search of the Defendant.

2. Whether the Deputy's approach to the Defendant's parked vehicle, ordering him out of his vehicle, exceeded the "knock and talk" or "consensual encounter" exception to the warrant requirement for the search of the Defendant and his vehicle.

3. Whether, in Tennessee, a Constitutional Carry jurisdiction, the "Plain View" of a firearm in an individual's hand provides justification for Defendant's arrest, search and seizure on Defendant's premises when the Defendant is not acting in any threating manner.

III.

MEMORANDUM OF LAW

A. The Entry to the Defendant's Home was an Unlawful De Facto Arrest.

Under Sixth Circuit precedent, "the use of guns and the pulling of a suspect from a car [is] a 'functional arrest' which requires probable cause." *United States v. Saari*, 272 F.3d 804 (6th Cir. 2001). Here, the Deputy entered the driveway of the Defendant, the curtilage of his home, with his weapon. Because there was no probable cause to believe a felony was in progress, the seizure was unconstitutional. The Deputy walked up the driveway with his weapon, observed what he believed to be the top part of a pistol and ordered Mr. Lyons out of his vehicle. Ordering Mr. Lyons out of his vehicle, and then searching him and his vehicle was an unconstitutional search in violation of the Fourth Amendment.

The Fourth Amendment protects the "home and its curtilage." *United States v. Dunn*, 480 U.S. 294 (1987). In *Collins v. Virginia*, 586 U.S. 586 (2018), the Supreme Court held that the automobile exception does not permit an officer to enter the curtilage of one's home, order an individual out of his vehicle, on his own property and then arrest an individual. Here the officer conducted a trespassory search, seizure and arrest in violation of the Fourth Amendment. *See: Florida v. Jardines,* 569 U.S. 1 (2013).

B. In Tennessee, possessing a firearm, in plain view, on one's own property, in an open carry jurisdiction, is a legally protected act under the 2nd Amendment to the United States Constitution. A law enforcement officer viewing a weapon held by an individual on his property, where there is no threat of any nature, gives no probable cause for detention or arrest. *See: Northrup v. City of Toledo Police Dept.*, 785 F 3Rd, 1128 (6th 2015).

Tennessee, *T.C.A. § 39-17-1307*, permits the carrying of firearms such as the pistol in the instant case, in plain view. "Open carry" of a pistol in Tennessee is a legal act. In addition to the "open carry" law in Tennessee, the Tennessee "Defense to Application" Act in **§ 39-17-1308(a)(1)**, carrying a firearm at one's own residence or premises is explicitly protected.

Because Tennessee law permits the open carry of firearms (both generally and specifically on one's own premises), the mere sight of a pistol does not provide any **reasonable suspicion** that a crime is being committed which would warrant an arrest or detention. Ordering an individual on his property, out of his vehicle, after observing a firearm on his person clearly exceeds a consensual encounter by an armed police officer in an "open carry" jurisdiction.

C.    "Grooving" and the Reasonable Officer Standard

Under *Graham v. Connor*, 490 U.S. 386 (1989), any force must be objectively reasonable. In the instant case Defendant was sitting in his own vehicle playing music and "grooving" to his music. His rhythmic movement in the front seat of his vehicle facing away from the Sherriff's Deputy was not a "furtive gesture" justifying the presentation of a weapon. As previously stated, possession of a firearm in Tennessee, on one's own property, is a legal act. An officer cannot use the sight of a legal object, on one's property, to justify a seizure, search and detention of adefendant when he has no prior knowledge of the occupant's criminal record.

D.    Fruit of the Poisonous Tree

Under *Wong Sun v. United States*, 371 U.S. 471 (1963), any evidence obtained via an illegal search or seizure must be suppressed. Defendant would argue the Deputy's initial entry up the driveway with a pistol drawn was unconstitutional. Defendant would further argue, even if the Deputy had the right to walk up the driveway and shine a light in the Defendant's vehicle, under Tennessee's Open Carry Statute, the mere sight that Defendant had a firearm in his hand

with no furtive movement towards the Deputy, did not provide any basis for the Defendant's detention and subsequent arrest.  Therefore, any subsequently discovered evidence—and the knowledge of the Defendant's felony status—are "fruits" of that illegality.

IV.

CONCLUSION

Tennessee is now an "open carry" state.  Whether one agrees or not, carrying a firearm in plain view, especially on one's own property, does not provide a reasonable "Terry Frisk Suspicion" to detain a citizen of the State of Tennessee.  Here this Court should not sanction the detention of an individual on his own property where there is no threat to the officer or any other member of the public.  All evidence seized subject to Defendant's detention and arrest must therefore be suppressed. (*See: Terry v Ohio, 392 U.S. 1 (1968).*

Respectfully submitted,

s/Eugene A. Laurenzi
TN BAR# 9528
Attorney for Defendant
Godwin, Morris, Laurenzi & Bloomfield, P.C.
50 N. Front Street Suite 800
Memphis, Tennessee, 38103
Tel: 901.528.1702
Fax: 901.528.0246
Email: elaurenzi@gmlblaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that January 20, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: Assistant United States Attorney, Clinton A Crosier, DOJ-USAO

s/ Eugene A. Laurenzi